## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## BOWLING GREEN DIVISION

**JACKIE W. STONE**                                                                           **PLAINTIFF**

**v.**                                **CIVIL ACTION NO. 1:22-CV-P113-GNS**

**BRENT BURKHEAD** *et al.*                                                **DEFENDANTS**

## MEMORANDUM OPINION

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. The matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

## I.

Plaintiff Jackie W. Stone is incarcerated at the Larue County Detention Center (LCDC). He names the following as Defendants in this action – Taylor County Deputy Sheriff Brent Burkhead; "Chief of Police" Allen Newton[1]; Kentucky Governor Andy Beshear; and Diane Ford-Benningfield, the Mayor of Campbellsville, Kentucky. Plaintiff sues Defendants in both their official and individual capacities.

Plaintiff makes the following allegations in the complaint:

(1) On July 5, 2021, [] Deputy Sheriff Burkhead did do a terry stop the evidence that stated in this civil suit states "Facts."
(2) Broke the chain of evidence by giving it away in which affected my case and did not follow or ask for bill of sale. Protocol he did not even run the VIN# number.
(3) On January 14, 2022, under oth Deputy Sheriff committed perjury in court and it was stated in open court and it shows ammitting to doing a terry stop for his gain as well as committing perjury to justify his wrong actions that violated my due process and my constitutional rights.

---

[1] Taylor County, Kentucky's official website indicates that Allen Newton is actually the Taylor County Sheriff.

      Arrest Citation – Evidence (A) (uniform citation)
      Violation Date: (July 5, 2021)
      Control No. (21-P364346-2)
      Evidence (B) (Purjury, illegal terry stop)

      . . . .

      Commonwealth of Kentucky v. Jackie Wayne Stone, Civil Action No. 21-CR-00247-1, Finding of Fact, Conclusion of Law and Order, Jan 14, 2022 Sheriff Burkhead testimony his actions violates my due process and my constitutional rights because of his actions and knowingly committed a crime acting above the law violated my constitutional rights and my due process rights so any and all that apply constitutional rights that apply should be applied. I thought an officer was to uphold the law and not be above the law.

      Note all Defendants name is the chain of command and accountable . . . . the chain of command failed to oversee their staff . . . . so their failure to do so directly affect my rights constitutionally that makes them accountable for anyone under their command as their supervisor.

      As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**III.**

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

### A. Official-Capacity Claims

#### 1. Defendants Burkhead, Newton, and Ford-Benningfield

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against Defendants Burkhead and Newton are actually against Taylor County and his official official-capacity claim against Defendant Ford-Benningfield is actually against the City of Campbellsville.

When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). As to the second component, "a municipality cannot be held liable solely because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Monell*, 436 U.S. at 691 n.55. Indeed, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Id.* To state a claim, a plaintiff must "identify the policy, connect the policy to the [municipality] itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds by Frantz v. Vill. of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d

282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)).

Here, Plaintiff does not allege that any alleged constitutional violations were the result of a custom or policy implemented or endorsed by Taylor County or the City of Campbellsville. Thus, Plaintiff's official-capacity claims against Defendants Burkhead, Newton, and Ford-Benningfield must be dismissed for failure to state a claim upon which relief may be granted.

### 2. Defendant Beshear

As to Defendant Beshear, when state officials are sued in their official capacities for damages, they are not "persons" subject to suit within the meaning of § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (concluding that a state, its agencies, and its officials sued in their official capacities for damages are not considered persons for the purpose of a § 1983 claim). Moreover, state officials sued in their official capacities for damages are also absolutely immune from § 1983 liability under the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. at 169 ("This Eleventh Amendment bar remains in effect when State officials are sued for damages in their official capacity.").

For these reasons, Plaintiff's official-capacity claim against Defendant Beshear must be dismissed for failure to state a claim upon which relief may be granted and for seeking damages from a defendant immune from suit.

**B. Individual-Capacity Claims**

    **1. Defendant Burkhead**

Based upon the allegations set forth in the complaint, it appears that Plaintiff seeks to hold Defendant Burkhead liable under the Fourth Amendment for an illegal stop[2] and for committing perjury in Plaintiff's related state-court criminal action. Plaintiff intimates that he was wrongfully convicted in his state-court criminal action as a result of these alleged actions. Plaintiff's state-court conviction constitutes a final determination that this Court cannot disturb or invalidate. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a plaintiff may not raise claims in a § 1983 action if a judgment on the merits of those claims would affect the validity of his conviction and sentence unless the conviction and sentence had already been set aside. *Id.* at 486-87; *see also Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (clarifying that the *Heck* rule applies regardless of the form of remedy sought). Thus, because Plaintiff does not allege that his state-court criminal conviction has been overturned, it appears that Plaintiff's individual-capacity claims against Defendant Burkhead are barred by *Heck*.

Plaintiff's claim against Defendant Burkhead regarding the allegedly unlawful stop is also barred by the statute of limitations. Section 1983 does not contain its own statute of limitations

---

[2] The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. amend. IV. "A warrantless search or seizure is 'per se unreasonable under the Fourth Amendment - subject only to a few specifically established and well-delineated exceptions.'" *United States v. Roark*, 36 F.3d 14, 17 (6th Cir. 1994) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)). One of those exceptions is an investigative stop—or *Terry* stop—a "temporary, involuntary detention[ ] which must be predicated upon 'reasonable suspicion.'" *United States v. Dickens*, 748 F. App'x 31, 36 (6th Cir. 2018) (quoting *United States v. Pearce*, 531 F.3d 374, 380 (6th Cir. 2008)). The Sixth Circuit applies a "two-step conjunctive analysis to determine whether police action falls within the exception for *Terry* stops." *United States v. Powell*, No. 99-5137, 2000 U.S. App. LEXIS 6131, at *9 (6th Cir. Mar. 29, 2000) (citing *United States v. Garza*, 10 F.3d 1241, 1245 (6th Cir. 1993)). In the first step, a Court will "ascertain whether the officer had a 'reasonable suspicion' supported by 'specific and articulable facts that the suspect was involved in criminal activity.'" *Id.* (citing *United States v. Hardnett*, 804 F.2d 353, 356 (6th Cir. 1986)). At the second step, a court must analyze "'whether the degree of intrusion into the suspect's personal security' was reasonably related to the character of the reasonable suspicion." *Id.* at *10 (quoting *Garza*, 10 F.3d at 1245).

period, but it is well settled that constitutional claims asserted under § 1983 are governed by the state personal injury statute of limitations. *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 280 (1985)). Personal injury actions in Kentucky "shall be commenced within one (1) year after the cause of action accrued." Ky. Rev. Stat. § 413.140(1); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). Although the statute of limitations is an affirmative defense, a court may raise the issue *sua sponte* if the defense is obvious from the face of the complaint. *Fields v. Campbell*, 39 F. App'x 221, 223 (6th Cir. 2002) (citing *Haskell v. Washington Twp.*, 864 F.2d 1266, 1273 (6th Cir. 1988)).

Though the applicable statute of limitations is determined by state law, the "date on which the statute of limitations begins to run in a § 1983 action is a question of federal law." *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (2007) (citing *Kuhnle Bros., Inc. v. Cnty. of Geauga*, 103 F.3d 516, 519 (6th Cir.1997)). "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action . . . that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (citing *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997) (internal quotation marks and citations omitted)).

Here, Plaintiff alleges that Defendant Burkhead's illegal stop of his vehicle occurred on July 5, 2021. His cause of action for the alleged illegal stop occurred on the same date. *See, e.g.*, *Jenkins v. Lee Cnty. Sheriff's Office,* 2:19-cv-842-FtM-29NPM, 2020 U.S. Dist. LEXIS 182699, at *4 (M.D. Fla. Oct. 2, 2020) (holding that the statute of limitations began on the date an allegedly illegal stop and search of a vehicle occurred); *Simmons v. Kansas,* No. 20-3065-SAC, 2020 U.S. Dist. LEXIS 46621, at * 5 (D.C. Kan. Mar. 18, 2020) (finding claim based upon an unlawful stop accrued on the date stop occurred); *Jones v. Kaminski*, No. 19-CV-4459, 2019 U.S. Dist. LEXIS

7

174048, at *6 (E.D. Pa. Oct. 7, 2019) (holding alleged improper stop, search, and seizure claims accrued on the date they occurred because the plaintiff "was or should have been aware of the facts giving rise to his claims as of that date). Thus, the time to file suit for this claim expired one year later on July 5, 2022. Plaintiff did not initiate this action until July 26, 2022,[3] after the statute of limitations had expired. Thus, this claim is time-barred.

Finally, even if Plaintiff's claim against Defendant Burkhead for an unlawful stop was not barred by *Heck* or the statute of limitations, the claim is still subject to dismissal for failure to state a claim upon which relief may be granted. The complaint contains no allegations related to either prong of the requisite *Terry* stop analysis, and the allegations Plaintiff does make are simply too conclusory and vague to support a claim that Defendant Burkhead violated his Fourth Amendment rights by conducting an illegal *Terry* stop. Bare assertions and conclusory allegations "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. The pleading standards of *Iqbal* and *Twombly* require supporting details before the pleadings are taken as truth. *Id*. at 681.

And as to Plaintiff's claim that Defendant Burkhead committed perjury during his criminal trial, this claim fails because the Supreme Court has held that a police officer who gives false testimony at trial cannot be held liable for a § 1983 violation. *Briscoe v. Lahue*, 460 U.S. 325, 343 (1983). In *Briscoe*, the Supreme Court stated as follows:

> Subjecting government officials, such as police officers, to damages liability under § 1983 for their testimony might undermine not only their contribution to the judicial process but also the effective performance of their other public duties. Section 1983 lawsuits against police officer witnesses, like lawsuits against prosecutors, "could be expected with some frequency." Police officers testify in scores of cases every year and defendants often will transform resentment at being convicted into allegations of perjury by the state's official witnesses.

---

[3] Although Plaintiff's complaint was not received by the Court until August 31, 2022, he indicates that he placed the complaint in the prisoner mail system for mailing on July 26, 2022. Under the prison mailbox rule, the complaint is deemed filed when presented to prison officials for mailing. *Miller v. Collins*, 305 F.3d 491, 497-98 (6th Cir. 2002) (citing *Houston v. Lack*, 487 U.S. 266 (1988)).

*Id.*; *see also Moldowan v. City of Warren*, 578 F.3d 351, 390 (6th Cir. 2009) ("'[A]ll witnesses -- police officers as well as lay witness -- are absolutely immune from civil liability based on their trial testimony in judicial proceedings.' *Briscoe*, 460 U.S. at 328. A witness is entitled to testimonial immunity 'no matter how egregious or perjurious that testimony was alleged to have been. . . .'") (citation omitted).

### 2. Defendants Newton, Beshear, and Ford-Benningfield

Plaintiff indicates that he seeks to hold Defendants Newton, Beshear, and Ford-Benningfield liable for the allegedly unconstitutional actions of Defendant Burkhead because they are the "chain of command" for Defendant Burkhead. Although it seems that only Defendant Newton, as the Taylor County Sheriff, actually acted as a supervisor for Defendant Burkhead, the Court will assume for purposes of this initial review that Defendants Beshear and Ford-Benningfield could also be considered supervisors of Defendant Burkhead. The doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell,* 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Thus, because the complaint contains no allegations that Defendant Allen, Beshear, or Ford-Benningfield was actively involved in the alleged violation of Plaintiff's constitutional rights and because Plaintiff's claims against them are based solely on their purported "supervisory roles" over Defendant Burkhead, Plaintiff's individual-capacity claims against them fail to state a claim upon which relief may be granted.

## IV.

The Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion.

Date: December 7, 2022

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Taylor County Attorney
4416.011